IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUMAH ALI-THOMAS MOORE,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD ALAMEIDA, et al.,<br><br>Defendants. | No. C 04-00814 SBA (PR)<br><br>**ORDER DIRECTING UNITED STATES MARSHAL TO PERSONALLY SERVE DEFENDANT M.P. MONTEIRO PURSUANT TO FRCP 4(e)(2) AND SETTING BRIEFING SCHEDULE** |

Plaintiff, a state prisoner, filed the instant pro se prisoner complaint under 42 U.S.C. § 1983.

This Order concerns the matter of service upon Defendant M.P. Monteiro, identified by Plaintiff as the Administrator of Salinas Valley State Prison. In its Order dated November 30, 2006, the Court found that Plaintiff's complaint stated cognizable First Amendment and equal protection claims against Defendant Monteiro; however, the Court incorrectly listed Defendant Monteiro as "E. Monteiro" instead of "M.P. Monteiro."

Good cause appearing therefor, the United States Marshal is hereby ORDERED to attempt to effect personal service upon **Correctional Administrator M.P. Monteiro** at Salinas Valley State Prison. The United States Marshal shall serve Defendant Monteiro "personally" or at his "dwelling house or usual place of abode with some person of suitable age and discretion then residing therein," or serve an agent of Defendant Monteiro "authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2).

**CONCLUSION**

1.  The Clerk of the Court shall provide the United States Marshal with the necessary summons and copies of the complaint (docket no. 1), and the Court's Order of Service dated November 30, 2006 (docket no. 12), to comply with this Order within **thirty (30) days** of the date of this Order. The Clerk shall include on the summons form, USM 285, the following special instructions:

> Pursuant to Federal Rule of Civil Procedure 4(e)(2), the United States Marshal shall serve M.P. Monteiro "personally" or at his "dwelling house or usual place of abode with some person of suitable age and discretion then residing therein," or serve an agent of M.P. Monteiro "authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). The address for such service is at Salinas Valley State Prison, P.O. Box 1020, Soledad, CA 93960-1020.

2.  The case has been pending for almost three years and there is no reason for further delay. In order to expedite the resolution of this case, the Court orders the parties to abide by the following briefing schedule as follows:

    a.  Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.[1] In addition, no later than **twenty (20) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date their summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a

---

[1] The Clerk reissued the summons for Defendant P. Mandeville on April 4, 2007. To date, Defendant Mandeville has not yet filed his Answer. However, the Court notes that Defendant Mandeville will likely have earlier deadlines for his briefing schedule than Defendant Monteiro, who has not yet been served in this action.

> motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff is advised that if he fails to submit declarations contesting the version of the facts contained in Defendants' declarations, Defendants' version may be taken as true and the case may be decided in Defendants' favor without a trial. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

   c. If Defendants wish to file a reply brief, they shall do so no later than **ten (10) days** after the date Plaintiff's opposition is filed.

   d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. Leave of Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

3

4. In order to maintain the aforementioned briefing schedule, all discovery requests must be served on the opposing party on or by **July 23, 2007** and all discovery responses must be served on or by **August 7, 2007**. In the event that Defendants file a motion for summary judgment, Plaintiff shall file his opposition to the motion for summary judgment even if he intends to file a motion to compel discovery. The discovery motion shall be submitted together with Plaintiff's opposition to the motion for summary judgment, and Defendants' response to the discovery motion shall be submitted on or by the date their reply to Plaintiff's opposition is due. If the Court decides any filed discovery motion in Plaintiff's favor, he will be granted the opportunity to file a supplemental opposition to the motion for summary judgment.

5. All communications by Plaintiff with the Court must be served on Defendants, or their counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Because this case has been pending for almost three years, **no further extensions of time will be granted in this case absent exigent circumstances**. If exigent circumstances exist, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 6-4-07

SAUNDRA BROWN ARMSTRONG
United States District Judge