IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JUMAH ALI-THOMAS MOORE,

    Plaintiff,

v.

E. ALAMEIDA, et al.,

    Defendants.

No. C 04-814 SBA (PR)

**ORDER (1) GRANTING MOTION TO DISMISS EQUAL PROTECTION CLAIM, (2) GRANTING MOTION FOR REVOCATION OF *IN FORMA PAUPERIS* STATUS; (3) VACATING ORDER GRANTING *IN FORMA PAUPERIS* STATUS ; AND (4) DISMISSING ACTION WITHOUT PREJUDICE TO FILING A MOTION TO REOPEN UPON PAYING FULL FILING FEE**

(Docket nos. 27, 32, 35, 41, 42, 58, 61, 62)

Plaintiff, an inmate currently incarcerated at High Desert State Prison and frequent litigant in this Court, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging constitutional violations that occurred while he was housed at Salinas Valley State Prison (SVSP).

In his first claim for relief, Plaintiff alleges the deprivation of his First Amendment right to free exercise of his religion, Islam. He claims that prison officials asked him to shave his beard. When he refused to shave his beard for religious reasons, he alleges that he was classified as a C-status inmate.[1] Based on their actions, Plaintiff claims they denied him the right to practice his religion because "the grooming standards that are imposed upon [him] without religious exemption are unjustified and penologically unnecessary. . . ." (Compl. at 9.) Plaintiff also alleges that prison officials failed to impose the "grooming standards policy" on other inmates of "the American Indian religious faith" and on "European White Americans." (Id. at 10.) He claims that this is a "religious and racial discriminatory practice against [his] Islamic religion and African nationality" in violation of his equal protection rights. (Id.)

Upon its initial review of the complaint, the Court found that Plaintiff stated cognizable First

---

[1] According to the allegations in Plaintiff's complaint, as of June 19, 2001 to June 16, 2002, C-status inmates: received approximately one hour for a shower on Mondays, Wednesdays and Fridays; were not allowed to go outside, use the telephone, obtain packages or make canteen purchases; and did not benefit from the allotted seven hours of out-of-cell activity per week because it was decreased to three hours "due to the dining room being closed" from June 29, 2001 to June 7, 2002. (Compl. at 6-7.)

Amendment and equal protection claims and ordered service upon Defendants SVSP Captain Mandeville and SVSP Appeals Officer E. Monteiro. The Court also granted Plaintiff's motion for leave to proceed in forma pauperis (IFP).

Defendants have filed a motion to dismiss Plaintiff's equal protection claim for failure to exhaust and a motion requesting the Court to revoke Plaintiff's IFP status under 28 U.S.C. § 1915(g).

**I.     Motion to Dismiss**

Defendants concede that Plaintiff exhausted his administrative remedies as to his First Amendment claim. However, they contend that Plaintiff's equal protection claim is unexhausted and should be dismissed without prejudice.

**A.     Background**

Plaintiff alleges a violation of the Equal Protection Clause because other inmates at SVSP wore their hair and beards over three inches long and without being similarly placed on C-Status for failing to comply with grooming standards at SVSP. (Comp. at 10.) It is implied in the Complaint that these deprivations began when Plaintiff allegedly spoke with and observed these other inmates between September 19, 2001 and April 23, 2003. (Id. at 7-8.)

A search of SVSP's computerized database of all administrative appeals filed by inmates revealed that Plaintiff has exhausted five inmate appeals between June 26, 2001 and January 7, 2004. (Medina Decl. ¶ 4, Ex. A.) Only one of the inmate appeals that reached the Director's level of review, appeal no. SVSP-B-01-4333, includes the same free exercise of religion claim against Defendants that Plaintiff has alleged in the present action. (Pl.'s Opp'n, Ex. A.) However, the record shows that appeal no. SVSP-B-01-4333 did not grieve the alleged equal protection violation. In his opposition, Plaintiff claims that he "attempted to litigate and exhaust administrative remedies . . . pertaining to the C-status placement due to wearing the plaintiff's Islamic Religious beard by filing 602 appeal no. SVSP-B-03-3655." (Pl.'s Opp'n at 4.) However, the record shows that this appeal

concerns Plaintiff's dietary needs, a request for a hardship transfer to a prison closer to Plaintiff's home, as well as a request to be able to wear a beard because of his religious beliefs and to be taken off of C-status. (Pl.'s Opp'n, Ex. B.) While Plaintiff included the same allegations pertaining to his free exercise of religion claim against Defendants, nowhere in appeal no. SVSP-B-03-3655 does Plaintiff grieve the same allegations relating to his equal protection claim. (Id.)

### B.  Standard of Review

The Prison Litigation Reform Act amended 42 U.S.C. § 1997e to provide, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement set forth at 42 U.S.C. § 1997e(a) include allowing the prison to take responsive action, filtering out frivolous cases, and creating administrative records. Porter v. Nussle, 534 U.S. 516, 525 (2002). In order to satisfy the requirement, the exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." Id.; Booth v. Churner, 532 U.S. 731, 739-40 & n.5 (2001).

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." See Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution; (2) formal written appeal on a 602 inmate appeal form; (3) second level appeal to the institution head or designee; and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation. See id. § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). See id. at 1237-38.

When no other administrative remedy is available, the exhaustion requirement is deemed fulfilled. See Booth, 532 U.S. at 736 n.4. The obligation to exhaust persists as long as some remedy is available; when that is no longer the case, the prisoner need not further pursue the grievance. Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). For example, a prisoner need not exhaust further levels of review once he has either received all the remedies that are available, or been reliably informed by an administrator that no more remedies are available. Id. at 935. By contrast, an inmate was deemed not to have exhausted all available remedies where he was informed at the second formal level that his administrative appeal would be treated as a staff complaint, that any non-staff claims should be separately appealed, that further review was available if he was dissatisfied, and that his appeal was denied. Id. at 940-43.

Nonexhaustion under § 1997e(a) is an affirmative defense. Jones v. Bock, 127 S. Ct. 910, 922-23 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required specifically to plead or demonstrate exhaustion in their complaints. Jones, 127 S. Ct. at 921-22. Because there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process. Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005).

### C.  **Analysis**

Based on the evidence in the record, the Court finds that Defendants have met their burden of raising and proving the absence of exhaustion of Plaintiff's equal protection claim. Search results from SVSP's computerized database of administrative appeals and copies of appeals documentation clearly support Defendants' contention that Plaintiff did not seek all available administrative remedies to address his equal protection claim. The Court finds that Defendants have met their initial

4

burden of raising and proving the absence of exhaustion as to Plaintiff's equal protection claim. Plaintiff has attached his prior 602 appeals, including the aforementioned appeal nos. SVSP-B-01-4333 and SVSP-B-03-3655 as exhibits; however, even drawing all reasonable inferences in his favor, the Court does not find any evidence to rebut Defendants' claim of nonexhaustion.

Having reviewed the parties' pleadings and submitted evidence in support of and in opposition to the motion to dismiss, the Court concludes that Plaintiff did not exhaust administrative remedies with respect to his equal protection claim. Accordingly, Defendants' motion to dismiss (docket no. 35) is GRANTED, and Plaintiff's equal protection claim is DISMISSED without prejudice for failure to exhaust available administrative remedies.

## II.     **Request to Revoke Plaintiff's IFP Status**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "failed with the 'intention or desire to harm another.'" Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as

5

strikes for § 1915(g) purposes. See id. Dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Id.

Andrews requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. Id. Andrews implicitly allows the Court to sua sponte raise the § 1915(g) problem, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. See id. at 1120. A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

At the time plaintiff was granted leave to proceed IFP, the Court was unaware of the basis of the dismissals of his cases in other districts, i.e., the United States District Court for the Eastern District of California. However, in Defendants' motion requesting the Court to revoke Plaintiff's IFP status, they have attached the actual dismissal orders from the Eastern District. Therefore, Defendants argue that these dismissals should be considered to support a § 1915(g) dismissal.

A review of the dismissal orders in Plaintiff's prior prisoner actions in this Court reveals that Plaintiff has had at least four such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Defendants have given Plaintiff notice that the following dismissals may be counted as dismissals for purposes of § 1915(g): (1) Moore v. McElheney, et al., No. S-01-2003 GEB DAD P (E.D. Cal. Dec. 20, 2001) (civil rights action dismissed for failure to state a claim upon which relief may be granted); (2) Moore v. Twomey, No. S-01-2180 FCD DAD P (E.D. Cal. July 15, 2002) (same); (3) Moore v. County of Sacramento, et

6

al., No. S-02-0176 FCD PAN P (E.D. Cal. Dec. 16, 2003) (same);[2] and (4) Moore v. Rimmer, et al., No. S-04-0314 MCE DAD P (E.D. Cal. Dec. 15, 2005) (same).  In his opposition, Plaintiff had the opportunity to respond to the aforementioned dismissals the Court could consider to support a § 1915(g) dismissal.  Plaintiff does not dispute that two of his prior lawsuits, Case Nos. S-01-2003 GEB DAD P and S-02-0176 FCD PAN P -- both dismissed for failure to state a claim -- count as "strikes."  (Pl.'s Opp'n at 6-7.)  As to Case No. S-01-2180 FCD DAD P, Plaintiff argues that the claim was dismissed "in order for plaintiff to first receive a favorable result in his criminal petition for writ of habeas corpus."  (Id. at 6.)  However, a review of the magistrate judge's findings and recommendations, which were adopted in full in the district court's Dismissal Order, do not make any mention of such a reason.  (Defs.' Mot. to Dismiss, Ex. B.)  In fact, the Dismissal Order states, "This action is dismissed without prejudice for failure to state a claim upon which relief can be granted."  (Id.)  Although this Court has listed four dismissals, only three prior dismissals need qualify under § 1915(g).  Therefore, even without considering the fourth case, Case No. S-04-0314 MCE DAD P, Plaintiff's three dismissals in Case Nos. S-01-2003 GEB DAD P, S-02-0176 FCD PAN P and S-01-2180 FCD DAD P may be counted as dismissals for purposes of § 1915(g).

Plaintiff therefore may proceed IFP only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing.  See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).  He is not.

In view of this, it is clear that leave to proceed IFP was granted erroneously.  It will be

---

[2] Both parties incorrectly refer to this case as Case No. S-*01*-0176 FCD PAN P; however, the record shows that the correct case number is Case No. S-*02*-0176 FCD PAN P.  (Defs.' Mot. to Dismiss, Ex. C.)  Because both the Dismissal Order as well as the Findings and Recommendations from the Eastern District in Case No. S-02-0176 FCD PAN P were attached to Defendants' motion and supplied to Plaintiff, the Court finds that both parties were referring to Case No. S-02-0176 FCD PAN P whenever they referred to "Case No. S-01-0176 FCD PAN P" in their briefs.

7

revoked; therefore, the Court's November 30, 2006 Order granting Plaintiff IFP status is VACATED. See Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) (revoking IFP status on appeal on three-strikes grounds); Patton v. Jefferson Corr. Center, 136 F.3d 458, 461, 465 (5th Cir. 1998) (district court correctly revoked IFP upon discovering on remand that plaintiff had five prior strikes).

The Court finds that, pursuant to Andrews, Plaintiff has been given notice of the potential applicability of § 1915(g) by Defendants in their motion requesting the Court to revoke Plaintiff's IFP status. 398 F.3d at 1121. As mentioned above, Plaintiff has responded by filing an opposition to Defendants' motion; however, he has failed to meet his burden of showing that § 1915(g) does not bar pauper status for him. Therefore, a dismissal under § 1915(g) is proper because Plaintiff has had an opportunity to be heard on the matter before dismissing the action. See id. at 1120. Accordingly, this action is hereby DISMISSED without prejudice to Plaintiff's filing a motion to reopen no later than **thirty (30) days** from the date of this Order accompanied by the full filing fee of $ 150.00.[3] See 28 U.S.C. § 1915(g).

## CONCLUSION

1. Defendants' motion to dismiss (docket no. 35) is GRANTED. Plaintiff's equal protection claim is DISMISSED without prejudice for failure to exhaust available administrative remedies. Defendants' request to revoke Plaintiff's IFP status under 28 U.S.C. § 1915(g) (docket no. 35) is GRANTED. Leave to proceed IFP is REVOKED, and the Court's November 30, 2006 Order granting Plaintiff IFP status is VACATED.

2. This case is DISMISSED without prejudice to Plaintiff's filing a motion to reopen no later than **thirty (30) days** from the date of this Order accompanied by the full filing fee of $ 150.00.

---

[3] The Court notes that this action was filed on February 27, 2004. The requisite filing fee at that time was $150.00, and it did not increase to $250.00 until February 7, 2005.

8

1 See 28 U.S.C. § 1915(g).

2     3.    The Clerk of the Court shall terminate all pending motions as moot (docket nos. 27, 32, 41, 42, 58, 61, 62) and close the file.

4.    This Order terminates Docket nos. 27, 32, 35, 41, 42, 58, 61 and 62.

IT IS SO ORDERED.

DATED: 9/24/07

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.04\Moore814.MTD&revokeIFP.frm

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MOORE et al,

        Plaintiff,

v.

ALAMEIDA et al,

        Defendant.

Case Number: CV04-00814 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 27, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jumah Ali-Thomas Moore D62389
High Desert State Prison
P.O. Box 3030
Susanville, CA 96127

Dated: September 27, 2007

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.04\Moore814.MTD&revokeIFP.frm