IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUMAH ALI-THOMAS MOORE,<br><br>    Plaintiff,<br>v.<br>E. ALAMEIDA, et al.,<br><br>    Defendants.<br>_____ | No. C 04-814 SBA (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE AND REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>(Docket nos. 66, 68) |

Plaintiff, an inmate currently incarcerated at High Desert State Prison and frequent litigant in this Court, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging constitutional violations that occurred while he was housed at Salinas Valley State Prison (SVSP). The following description of Plaintiff's claims is taken from the Court's September 27, 2007 Order:

> In his first claim for relief, Plaintiff alleges the deprivation of his First Amendment right to free exercise of his religion, Islam. He claims that prison officials asked him to shave his beard. When he refused to shave his beard for religious reasons, he alleges that he was classified as a C-status inmate.[1] Based on their actions, Plaintiff claims they denied him the right to practice his religion because "the grooming standards that are imposed upon [him] without religious exemption are unjustified and penologically unnecessary. . . ." (Compl. at 9.)
>
> Plaintiff also alleges that prison officials failed to impose the "grooming standards policy" on other inmates of "the American Indian religious faith" and on "European White Americans." (Id. at 10.) He claims that this is a "religious and racial discriminatory practice against [his] Islamic religion and African nationality" in violation of his equal protection rights. (Id.)

(Sept. 27, 2007 Order at 1 (footnote in original).)

Upon its initial review of the complaint, the Court found that Plaintiff stated cognizable First Amendment and equal protection claims and ordered service upon Defendants SVSP Captain Mandeville and SVSP Appeals Officer E. Monteiro. The Court also granted Plaintiff's motion for

---

[1] According to the allegations in Plaintiff's complaint, as of June 19, 2001 to June 16, 2002, C-status inmates: received approximately one hour for a shower on Mondays, Wednesdays and Fridays; were not allowed to go outside, use the telephone, obtain packages or make canteen purchases; and did not benefit from the allotted seven hours of out-of-cell activity per week because it was decreased to three hours "due to the dining room being closed" from June 29, 2001 to June 7, 2002. (Compl. at 6-7.)

leave to proceed in forma pauperis (IFP).

On July 2, 2007, Defendants filed a motion to dismiss. Defendants argued that Plaintiff's equal protection claim should be dismissed for failure to exhaust. They also requested the Court to revoke Plaintiff's IFP status under 28 U.S.C. § 1915(g), which states that a prisoner may not bring a civil action IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In an Order dated September 27, 2007, the Court concluded that Plaintiff did not exhaust his administrative remedies with respect to his equal protection claim. Thus, the Court granted Defendants' motion to dismiss as to Plaintiff's equal protection claim. The Court also reviewed the dismissal orders in Plaintiff's prior prisoner actions and found that Plaintiff had at least four such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted:

> Defendants have given Plaintiff notice that the following dismissals may be counted as dismissals for purposes of § 1915(g): (1) Moore v. McElheney, et al., No. S-01-2003 GEB DAD P (E.D. Cal. Dec. 20, 2001) (civil rights action dismissed for failure to state a claim upon which relief may be granted); (2) Moore v. Twomey, No. S-01-2180 FCD DAD P (E.D. Cal. July 15, 2002) (same); (3) Moore v. County of Sacramento, et al., No. S-02-0176 FCD PAN P (E.D. Cal. Dec. 16, 2003) (same); and (4) Moore v. Rimmer, et al. , No. S-04-0314 MCE DAD P (E.D. Cal. Dec. 15, 2005) (same). In his opposition, Plaintiff had the opportunity to respond to the aforementioned dismissals the Court could consider to support a § 1915(g) dismissal. Plaintiff does not dispute that two of his prior lawsuits, Case Nos. S-01-2003 GEB DAD P and S-02-0176 FCD PAN P -- both dismissed for failure to state a claim -- count as "strikes." (Pl.'s Opp'n at 6-7.) As to Case No. S-01-2180 FCD DAD P, Plaintiff argues that the claim was dismissed "in order for plaintiff to first receive a favorable result in his criminal petition for writ of habeas corpus." (Id. at 6.) However, a review of the magistrate judge's findings and recommendations, which were adopted in full in the district court's Dismissal Order, do not make any mention of such a reason. (Defs.' Mot. to Dismiss, Ex. B.) In fact, the Dismissal Order states, "This action is dismissed without prejudice for failure to state a claim upon which relief can be

> granted." (Id.) Although this Court has listed four dismissals, only three prior dismissals need qualify under § 1915(g). Therefore, even without considering the fourth case, Case No. S-04-0314 MCE DAD P, Plaintiff's three dismissals in Case Nos. S-01-2003 GEB DAD P, S-02-0176 FCD PAN P and S-01-2180 FCD DAD P may be counted as dismissals for purposes of § 1915(g).

(Sept. 27, 2007 Order at 6-7 (footnote omitted).)

The Court further determined that Plaintiff was not seeking relief from a danger of serious physical injury which was "imminent" at the time of filing. (Id. at 7 (citing Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998)).) Thus, the Court found leave to proceed IFP was granted erroneously, revoked Plaintiff's IFP status, and vacated its November 30, 2006 Order granting Plaintiff IFP status. Upon concluding that Plaintiff failed to meet his burden of showing that § 1915(g) did not bar pauper status for him, the Court found that a dismissal under § 1915(g) was proper because Plaintiff had been given an opportunity to be heard on the matter before dismissing the action. Therefore, this action was "dismissed without prejudice to Plaintiff's filing a motion to reopen no later than **thirty (30) days** from the date of this Order accompanied by the full filing fee of $ 150.00.[2]" (Id. at 8 (citing 28 U.S.C. § 1915(g)) (footnote in original).)

On October 22, 2007, Plaintiff filed a motion to reopen this action. On November 13, 2007, Plaintiff filed an amended motion to reopen (docket no. 66). The Court notes that Plaintiff did not accompany his motion to reopen with the full filing fee, as directed by the Court. Instead, Plaintiff argues that the Court should reopen this case without the filing fee requirement because:

> leave to proceed IFP was not granted erroneously in this case since the plaintiff was under imminent danger of serious physical injury by being denied outdoor exercise and being exposed to mental and physical injury of being confined to

---

[2] The Court notes that this action was filed on February 27, 2004. The requisite filing fee at that time was $150.00, and it did not increase to $250.00 until February 7, 2005.

[his] prison cell for long periods of time, when the plaintiff filed his complaint. (Am. Mot. to Reopen at 2.)

Plaintiff's allegations above are not sufficient to show that Plaintiff was in imminent danger of serious physical injury at the time he filed the complaint. See Abdul-Akbar, 239 F.3d at 315 n.1 (while declining to reach question of whether "imminent danger" encompasses an ongoing danger of serious physical injury, noting that the plaintiff's allegations of past acts of physical harassment were not sufficiently specific or related to support an inference of an ongoing danger); Medberry, 185 F.3d at 1193 (no ongoing danger where plaintiff had been placed in administrative segregation following physical assaults by fellow inmates and before he filed his complaint); cf. Ashley, 147 F.3d at 717 (plaintiff sufficiently alleged ongoing danger where he had repeatedly been housed near enemies, despite his protests, and where he filed his complaint very shortly after being attacked by an enemy). Specifically, Plaintiff states in conclusory terms that he was in "imminent danger of serious physical injury" at the time of filing, and such an allegation is insufficient to establish the imminent danger exception to § 1915(g). See White v. State of Colorado, 157 F.3d 1226, 1231-32 (10th Cir 1998) (finding exception does not apply based on Plaintiff's "vague and utterly conclusory" allegations that he has "been deprived of life sustaining medication and medical attention/treatment, ha[s] been beaten, and/or otherwise tortured and allowed to suffer great pain, so that [his] health degenerated to a[n] extremely life-threatening degree . . . ").  Plaintiff further fails to specify which Defendants were threatening him with "imminent danger" at the time he filed his complaint, the manner these Defendants threatened him, and on which specific occasions he was threatened. See id.; see also Welch v. Galie, 207 F.3d 130 (2nd Cir. 2000) (conclusory allegations that defendants were part of a conspiracy and were physically harming plaintiff did not bring plaintiff within imminent danger exception). Finally, Plaintiff alleges that he was "being denied outdoor exercise and being exposed to mental and physical injury of being confined to [his] prison cell for long periods of time, when the

4

plaintiff filed his complaint." (Am. Mot. to Reopen at 2.) However, the only remaining claim in this action involved a deprivation of his First Amendment right to free exercise of his religion, not a denial of outdoor exercise. The Court notes that in Plaintiff's previous action, Moore v. Lamarque, et al., Case no. C 03-03104 SBA (pr), he claimed SVSP officials violated his Eighth Amendment rights by denying him outdoor exercise while on C-status at SVSP for a period of 610 days, from June, 2001 to March, 2003. In that action, the Court granted Defendants' motion for summary judgment upon finding that they were entitled to qualified immunity because Plaintiff's confinement did not demonstrate to reasonable prison officials that his deprivation of outdoor exercise violated a clearly established right. (Mar. 31, 2006 Order in Case no. C 03-03104 SBA (pr) at 15.) On October 10, 2007, the Ninth Circuit affirmed the Court's judgment. The Court further notes that in Plaintiff's previous action, the record shows that the alleged denial of outdoor exercise for C-status inmates had ceased by March 5, 2003:

> In March 2003, Defendant Lamarque approved a change to O.P. 11 that expressly provided for yard time for C-status inmates on Mondays, Wednesdays, and Fridays from 2:30 PM to 3:30 PM. (Lamarque Decl. ¶ 1.) On March 5, 2003, Plaintiff began receiving "access to the yard for outdoor exercise, fresh air, and sunlight." (SAC at 6.)

(Id. at 5.) As mentioned above, Plaintiff filed the instant action on February 27, 2004, almost a year after he was granted access to outdoor exercise. Therefore, the Court finds no merit to his allegation that he was being denied outdoor exercise at the time of filing.

Having failed to meet his burden to allege satisfactorily that he was in imminent danger of serious physical injury at the time he filed the instant complaint, Plaintiff is not entitled to the exception under § 1915(g). Accordingly, his amended motion to reopen (docket no. 66) is DENIED. Plaintiff may still pursue his claims if he pays the full filing fee at the outset of a newly filed action.

Because there is no reason to reopen this action, the Court need not address Plaintiff's remaining arguments in his amended motion to reopen, i.e., that "plaintiff now requires international

5

laws in order to protect the plaintiff's human rights from being violated" and that "this case must be removed to the United Nations and the International Courts instead of remaining in the United States Federal Courts." (Am. Mot. to Reopen at 3-4.)

## II.   Motion for Appointment of Counsel

Plaintiff also requests the appointment of counsel to represent him in this action.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. See id.

As mentioned above, this action is to remain closed because the Court has determined that Plaintiff failed to meet his burden of showing that § 1915(g) does not bar pauper status for him. Accordingly, Plaintiff's request for appointment of counsel (docket no. 68) is DENIED as moot.

## CONCLUSION

1.   Plaintiff's Amended Motion to Reopen (docket no. 66) is DENIED.

2.   Plaintiff's request for appointment of counsel (docket no. 68) is DENIED.

3.   This Order terminates Docket nos. 66 and 68.

IT IS SO ORDERED.                                               *Saundra B Armstrong*

DATED: _9/30/08

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

P:\PRO-SE\SBA\CR.04\Moore814.denyREOPEN&ATTY.frm

NORTHERN DISTRICT OF CALIFORNIA

MOORE et al,

        Plaintiff,

v.

ALAMEIDA et al,

        Defendant.

Case Number: CV04-00814 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 1, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jumah Ali-Thomas Moore D62389
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95532

Dated: October 1, 2008

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.04\Moore814.denyREOPEN&ATTY.frm